UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

THOMAS DAVIS; PAMELA DAVIS;
RACHEL E. DAVIS AND NATHAN
T. DAVIS, minors, by and
through their GUARDIAN AD
LITEM, PAMELA DAVIS,

                                   NO. CIV. S-07-1922 FCD GGH

       Plaintiffs,

      v.                           MEMORANDUM AND ORDER

SUNDANCE APARTMENTS, a
business of unknown form;
JAMES W. WATT, a.k.a.,
JAMES KIN SING WATT; et al.,

       Defendants.

----oo0oo----

This matter is before the court on plaintiffs' motion for attorneys' fees and costs pursuant to an offer of judgment plaintiffs accepted from defendants.[1]  Fed. R. Civ. P. 68.[2]  By this motion, plaintiffs' counsel seeks $55,580.00 in attorneys'

---

[1]  Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2]  All further references to a "Rule" are to the Federal Rules of Civil Procedure.

fees and $1,105.00 in costs incurred to engage the services of a private investigator.  Defendants concede that the offer of judgment entitles plaintiffs to an award of fees and costs, however, they challenge the amounts requested as unreasonable and excessive.

For the reasons set forth below, the court awards attorneys' fees in the amount of $26,922.50 and costs in the amount of $1,105.00.  The instant case involved the prosecution of a straightforward housing discrimination claim; there were no court appearances and minimal discovery, and the action was pending for only 8½ months; ultimately, it was settled for monetary compensation in the aggregate amount of $45,000.00 for the four plaintiffs.  Under these circumstances, the reduced award is warranted.

**BACKGROUND**

In this action, plaintiffs sought relief from defendants for alleged discrimination against families with children in the operation of the Sundance Apartments.  Plaintiffs alleged violations of the Fair Housing Act of 1968, 42 U.S.C. § 3601 *et seq.* and other related state laws, including the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12955 *et seq.*, and the California Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*[3]

---

[3]    Plaintiffs also alleged state law claims for "unfair business practices" and "negligence."  (Compl., filed Sept. 14, 2007.)  Plaintiffs do not base their request for fees and costs on these claims, and thus, they are not discussed herein.

2

1    On May 9, 2008, defendants made plaintiffs an offer of

2  judgment pursuant to Rule 68.[4]  (Notice of Offer of Judgment and

3  Acceptance, filed May 28, 2008.)   Therein, defendants offered to

4  pay damages in the aggregate of $45,000.00 to plaintiffs, "plus

5  legally recoverable court costs accrued to [May 9, 2008] and

6  reasonable attorneys' fees incurred to [the same date] where

7  recoverable as costs of suit."  (Id.)  Plaintiffs accepted the

8  offer, and judgment was entered in favor of plaintiffs on May 30,

9  2008.

10    Plaintiffs now move for an award of attorneys' fees and

11  costs.

12                            **STANDARD**

13    The Fair Housing Act, FEHA and the Unruh Civil Rights Act

14  each provide a statutory basis for an award of attorneys' fees

15  and costs in this case.  See 42 U.S.C. § 3613(c)(2) (authorizing

16  the court to award "the prevailing party, other than the United

17  States, a reasonable attorney's fee and costs"); Cal. Gov't Code

18  _____

19        [4]   Rule 68 states, in relevant part:

20            At any time more than 10 days before the trial
             begins, a party defending against a claim may
21            serve upon the adverse party an offer to allow
             judgment to be taken against the defending party
22            for the money or property or to the effect
             specified in the offer, with costs then accrued.
23            If within 10 days after the service of the offer
             the adverse party serves written notice that the
24            offer is accepted, either party may then file the
             offer and notice of acceptance together with proof
25            of service thereof and thereupon the clerk shall
             enter judgment. An offer not accepted shall be
26            deemed withdrawn and evidence thereof is not
             admissible except in a proceeding to determine
27            costs. If the judgment finally obtained by the
             offeree is not more favorable than the offer, the
28            offeree must pay the costs incurred after the making
             of the offer.

                                3

1   § 12965(b) (authorizing the court to award to "the prevailing

2   party reasonable attorney fees and costs except where such action

3   is filed by a public agency [or official]"); Cal. Civ. Code § 52

4   (authorizing the court to award to the prevailing party any

5   reasonable "attorney's fees as may be determined by the court").

6   Here, it is undisputed that plaintiffs were the prevailing

7   parties in this action.  Pursuant to the offer of judgment,

8   defendants paid plaintiffs $45,000.00 in damages and agreed to

9   pay reasonable costs and attorneys' fees in an amount determined

10  by the court.

11      The United States Supreme Court has held that the standards

12  used for the Civil Rights Attorney's Fee Awards Act, 42 U.S.C.

13  § 1988, are generally applicable in all cases in which Congress

14  has authorized an award of attorneys' fees for a prevailing

15  party.  Hensley v. Eckerhart, 461 U.S. 424, 433 n.7 (1983).  The

16  Fair Housing Act and related state laws are no exception to this

17  rule.

18      A prevailing party "should ordinarily recover an attorney's

19  fee unless special circumstances would render such an award

20  unjust."  Hensley, 461 U.S. at 429 (internal quotations omitted).

21  District courts are given discretion in calculating the amount of

22  attorneys' fees.  Id. at 437.  However, the district court must

23  make clear its reasons for a certain fee award, especially "when

24  an adjustment is requested on the basis of either the exceptional

25  or limited nature of relief obtained by the plaintiff."  Id.

26      The party seeking fees bears the burden of documenting and

27  substantiating fees, and those fees must be reasonable and

28  necessary to the litigation.  Id. at 434.  In determining the

4

award, courts typically use the "lodestar" method to calculate

attorneys' fees.  <u>Widrig v. Apfel</u>, 140 F.3d 1207, 1209 (9th Cir.

1998).  Under this method, the court multiplies the number of

hours reasonably expended on the litigation by a reasonable

hourly rate.  <u>Hensley</u>, 461 U.S. at 434 (court may credit party

with fewer hours if the time claimed is "excessive, redundant, or

otherwise unnecessary").  There is a strong presumption that the

lodestar amount is reasonable, though the court may adjust the

lodestar figure if various factors overcome that presumption of

reasonableness.  <u>Fischer v. SJB-P.D, Inc.</u>, 214 F.3d 1115, 1119

(9th Cir. 2000).  The following twelve factors are generally used

to adjust a fee award:

> (1) the time and labor required, (2) the novelty and
> difficulty of the questions involved, (3) the skill
> requisite to perform the legal service properly,
> (4) the preclusion of other employment by the attorney
> due to acceptance of the case, (5) the customary fee,
> (6) whether the fee is fixed or contingent, (7) time
> limitations imposed by the client or the circumstances,
> (8) the amount involved and the results obtained,
> (9) the experience, reputation and ability of the
> attorneys, (10) the 'undesirability' of the case,
> (11) the nature and length of the professional
> relationship with the client, and (12) awards in
> similar cases.

<u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir.

1975); E.D. Cal. L.R. 54-293.

**ANALYSIS**

A.   <u>**Reasonable Hourly Rate**</u>

Generally, a reasonable hourly rate is set based on the

prevailing market rates in the legal community of the forum

district.  <u>Blum v. Stenson</u>, 465 U.S. 866, 895 (1984); <u>Gates v.</u>

<u>Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1993).  The fee

applicant bears the burden of producing evidence that the

requested rate is commensurate with the rates in the community
for similar services by attorneys of "reasonably comparable
skill, experience and reputation." <u>Blum</u>, 465 U.S. at 895 n. 11;
<u>Trevino v. Gates</u>, 99 F.3d 911, 924-25 (9th Cir. 1996).   Thus, the
following <u>Kerr</u> factors are particularly relevant: (1) the novelty
and difficulty of the questions involved; (2) the skill requisite
to perform the legal service properly; (3) the customary fee;
(4) the experience, reputation and the ability of the attorneys;
and (5) awards in similar cases.

Here, plaintiffs' counsel, Stuart E. Fagan, a sole
practitioner from San Diego, California requests an hourly rate
of $350.00 per hour.   In support of his request, Mr. Fagan
submits the declaration of Christopher Brancart, a partner in the
law of firm of Brancart & Brancart in Pescadero and Loma Mar,
California, which, like Mr. Fagan, specializes in fair housing
litigation.[5]   In full, Mr. Brancart attests:   Mr. Fagan's "hourly
rate of $350 is reasonable in the housing discrimination arena
and is comparable to rates that are charged by individuals in the
major metropolitan markets of California, including in Sacramento
County." (Docket #17 at ¶ 4.)   Mr. Brancart provides no
supporting documentation for his opinion nor does he otherwise
describe the factual basis for his opinion.

"Rates outside the forum [district] may be used if local
counsel was unavailable, either because they are unwilling or
unable to perform because they lack the degree of experience,

---

[5]     In the context of an attorneys' fees motion, the court
does not find it necessary to rule on defendants' evidentiary
objections to Mr. Fagan's and Mr. Brancart's declarations.   The
objections are denied as moot.  (Docket #s 25, 26.)

expertise, or specialization required to properly handle the case." Baron v. Dalton, 132 F.2d 496, 502 (9th Cir. 1997). Here, Mr. Fagan, as non-local counsel, must demonstrate that either (1) his fees are akin to fees charged by local practitioners of similar experience for similar work or (2) local counsel was unavailable such that he should be awarded fees which are commensurate with rates in his local community of San Diego. Mr. Fagan has wholly failed to make this latter showing; he makes no argument, let alone provide any supporting evidence, to demonstrate that local counsel was unavailable to take this case. Thus, to be entitled to an award of $350.00 an hour, Mr. Fagan must demonstrate his fees are akin to those awarded local Sacramento practitioners.  Mr. Brancart's conclusory statement in support of Mr. Fagan's fees is not sufficient.  He offers no opinion about the prevailing market rate for the Eastern District of California for attorneys of Mr. Fagan's experience, skill and reputation.

To the contrary, defendants proffer the declaration of Michael Bishop, a Sacramento attorney with substantial experience in discrimination cases and knowledge of the prevailing hourly rates in Sacramento.  Mr. Bishop, unlike Mr. Brancart, also reviewed key pleadings and documents in this case.  He opines that the prevailing hourly rate for this type of case, which was not factually or legally complex, in this community is between $250.00 and $275.00.  Based on recent awards of attorneys' fees in related ADA-discrimination cases, Mr. Bishop suggests an hourly rate of $250.00.  (Docket #21);(Opp'n, filed July 22, 2008, at 6:1:11 [citing Eastern District cases awarding $250.00

as the hourly rate for attorneys with similar skill to Mr. Fagan].)

Only in plaintiffs' reply does Mr. Fagan attempt to substantiate a claim that $350.00 per hour is the prevailing rate in this community.  The court properly does not consider this evidence as it was raised for the first time only in plaintiffs' reply.  See Hillblom v. County of Fresno, 539 F. Supp. 2d 1192, 1206 (E.D. Cal. 2008) ("A moving party's attempt to introduce new facts or different legal arguments in reply papers is improper.") However, the court notes that even if it were to consider the evidence, it does not establish the propriety of counsel's requested rate.  Mr. Fagan submits evidence of various *fee requests* in this district (primarily from the Fresno district) wherein attorneys *requested* hourly rates akin to Mr. Fagan's rate or in excess of his rate.  Significantly, Mr. Fagan does not provide any *decisions* of this court which support an award of $350.00 per hour as the applicable prevailing rate for this type of case.

Thus, after consideration of Mr. Fagan's eighteen years of experience, the last ten of which have been devoted exclusively to fair housing discrimination claims, and similar cases decided in this district, the court finds that $275.00 per hour is a reasonable hourly rate in this case.  The court thus calculates the lodestar amount based on this hourly rate.

1

**B.   Reasonableness of Hours Billed**

2        The court next determines the number of hours reasonably

3   expended on the litigation.[6]   The party seeking fees must

4   document and support the number of hours spent on the case.

5   Hensley, 461 U.S. at 434.   The opposing party may rebut by

6   submitting evidence to challenge the accuracy or reasonableness

7   of the hours billed.   Id.   Here, plaintiffs seek to recover

8   attorneys' fees of $55,580.00, representing a total of 158.8

9   hours expended on this litigation.   Plaintiffs' counsel attests

10   that up to the time of defendants' tendering of the Rule 68

11   offer, he expended 134.1 hours of time handling this case.

12   (Docket #18 at ¶ 16.)   Since that time, counsel states he spent

13   24.7 hours of time as follows:   (1) attempting to find out why

14   defendants had not filed the Rule 68 offer and acceptance (.5

15   hours); (2) preparing the motion for attorneys' fees (12 hours);

16   (3) preparing the bill of costs (.2 hours); and (4) preparing the

17   reply and expected attendance at any hearing on the fees motion

18   (12 hours).   (Id.; Mem. of P.&A., filed June 26, 2007, at

19   12:17–18.)

20        Per the offer of judgment in this case, plaintiffs agreed to

21   seek fees and costs only through the date of the offer of

22   judgment.   (Docket # 12.)   Thus, the court considers the

23   reasonableness of only those hours (134.1), and does not award

24   any fees or costs for work performed after the Rule 68 offer

25   _____

26        [6]   District courts are granted considerable discretion in
determining the reasonable number of hours claimed by a
27   prevailing party. See Gerwen v. Guarantee Mutual Life Co., 214
F.3d 1041 (9th Cir. 2000).   In deciding to reduce those hours, a
28   district court need only provide a "concise but clear explanation
of its reasons." Hensley, 461 U.S. at 437.

(which includes the time spent in preparing the instant motion).

Plaintiffs' counsel submits a detailed invoice of the hours worked on this case, as well as a declaration explaining the necessity of the tasks performed.  (Docket #18.)  Defendants make certain specific challenges to the hours claimed, which the court discusses in turn below.

### 1.   The Complaint and Written Discovery

Defendants challenge the time plaintiffs' counsel spent preparing the complaint, special interrogatories and requests for production of documents, arguing the hours claimed are excessive since these documents are virtually identical to those previously filed by Mr. Fagan in a similar action pending in this district. (See Robidoux, et al. v. Wacker Family Trust, et al., Civ. No. 06-2334 LKK/DAD.)  In total, plaintiffs' counsel claims 15.4 hours for this work.  While the court agrees with defendants that the documents prepared for this case are essentially the same as those in the Robidoux matter, it cannot find that the time claimed by counsel for the work in this case is unreasonable. There are four separate plaintiffs in this action and four defendants, and counsel had to and did tailor the pleadings and discovery to the facts of this case.  Moreover, as this court has previously recognized, it not sufficient to demonstrate unreasonableness that pleadings appear "boilerplate."  See Wilson v. Haria and Gogri Corp., 2007 WL 1795737, *2 (E.D. Cal. June 20, 2007) (emphasizing that "uniform instances of misconduct [may well] justify uniform pleadings") (internal quotations and citations omitted).  Both this case and Robidoux involve similar housing discrimination claims, and thus, one would expect

commonality in the pleadings and discovery.  Therefore, the court

finds plaintiffs' counsel's hours expended on this work

reasonable.

## 2. Pre-Litigation Administrative Proceedings

Defendants object to an award of fees for time plaintiffs'

counsel spent assisting plaintiffs in preparing their Department

of Fair Housing and Employment Act ("DFEH") complaint and

prosecuting the action in the state administrative system.  Such

administrative proceedings are not a prerequisite to suit under

the Fair Housing Act or state law, and thus the court will not

award fees for this work, totaling 36.2 hours.[7]  See Ragin v.

Harry Macklowe Real Estate Co., 870 F. Supp. 510, 522 (S.D. N.Y.

1994) (disallowing fees for time spent in administrative process

under the Fair Housing Act since such proceedings are

"discretionary" under that statute); Wood v. Vista Manor Nursing

Center, 2006 WL 2850045, *5 (N.D. Cal. 2006) (recognizing that a

court may hear a plaintiff's FEHA fair *housing* discrimination

claim regardless of whether the plaintiff has exhausted his state

administrative remedies).

## 3. Alleged Solicitation of Additional Clients

Defendants baldly assert that plaintiffs' counsel has

charged for time he spent soliciting additional clients.

Defendants contend that counsel's time entries describing

conversations with "potential witness[es]," totaling 12.1 hours,

were actually hours spent soliciting new clients not interviewing

---

[7]    See Denn Decl., filed July 22, 2008, at 2-6 for
calculation of these hours.  Plaintiffs' counsel did not provide
a calculation of the relevant work to the contrary.

witnesses relevant to this case.  However, defendants offer no evidence to support their assertion.  In a reply declaration, plaintiffs' counsel submits a detailed summary of his contacts with these potential witnesses at the Sundance Apartments.  The summary demonstrates the relevance of these contacts for purposes of counsel's prosecution of this case on plaintiffs' behalf, and the court will award fees for these hours.

### 4.  Alleged Fees Charged for Clerical Time

Defendants challenge plaintiffs' counsel's overall hours claimed, asserting that as a sole practitioner, without support staff, he "must have" charged for clerical work.  Because such clerical work is not reflected in the invoice submitted by counsel, defendants contend the court should discount the allowable time by 5 percent.  Defendants' objection is without merit.  Plaintiffs' counsel has expressly stated that he did not "bil[l] for clerical time."  (Reply, filed July 31, 2008, at 4.) Counsel is an officer of the court, and the court accepts his representation, particularly considering that defendants have offered nothing to suggest the contrary is true.  Therefore, the court does not make a general deduction of counsel's hours for clerical work.

### 5.  Travel Time

Defendants maintain that because plaintiffs' counsel has not demonstrated the unavailability of local counsel, his travel time is not compensable.  Defendants are incorrect; such a showing is not required.  It is clear that "[r]easonable attorney's fees include reasonable travel time at the full hourly rate."  U.S. v. City and County of San Francisco, 748 F. Supp. 1416, 1422 (N.D.

Cal. 1990).  Plaintiffs' counsel's limited travel time in this case (approximately 6 hours) was essential to the case, and thus, reasonable.

### C.    Costs

Plaintiffs seek recovery of costs in the amount of $1,105.00, representing their counsel's costs in hiring a private investigator to interview tenants at the Sundance Apartments. Plaintiffs' counsel attests that such costs were necessarily incurred in prosecution of this case in order to ascertain facts supporting plaintiffs' discrimination claims.  (Docket #18.) Out-of-pocket expenses may be awarded as part of a fee award when such expenses are of the kind counsel would normally charge fee-paying clients, and the expenses are substantiated and reasonable in amount.  Fair Housing Council of San Diego v. Penasquitos Casablanca Owner's Ass'n, 523 F. Supp. 2d 1164, 1172 (S.D. Cal. 2007) (citing Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005)). Fees of private investigators are routinely charged to fee-paying clients, and plaintiffs' counsel has substantiated the charges, which are reasonable under the circumstances of this case.  The Sundance Apartments have approximately 179 units, and the private investigator provided counsel with a written report of his investigation which counsel thereafter used to contact tenants to develop evidence supportive of plaintiffs' claims herein. (Docket #18 at ¶ 9.)  The court thus awards this cost to plaintiffs.

### CONCLUSION

Accordingly, based on the foregoing, plaintiffs' motion for attorneys' fees and costs is GRANTED as follows: plaintiffs are

13

awarded $26,922.50 in attorneys' fees, representing 97.9 hours[8] at $275.00 per hour; plaintiffs are also awarded $1,105.00 in costs.  The total award is $28,027.50.  Defendants shall pay said amount to plaintiffs' counsel within 30 days of the date of this order.

IT IS SO ORDERED.

DATED: August 5, 2008

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[8]     Said hours are derived as follows:  134.1 hours expended pre-Rule 68 offer minus 36.2 hours expended during the state administrative proceedings.

14